## KENNEDY v. CONTINENTAL GIN CO.
### No. 11446.

Court of Civil Appeals of Texas. Dallas.
March 17, 1934.

Rehearing Denied April 14, 1934.

H. C. Ford, of Dallas, for appellant.

Coke & Coke, Thomas G. Murnane, Thompson, Knight, Baker & Harris, and Pinkney Grissom, all of Dallas, for appellee.

BOND, Justice.

This is an appeal from the action of the trial court in dismissing appellant's suit, thus refusing him further time in which to prepare and file an amended petition. The parties will be designated as in the court below, G. E. Kennedy (appellant) as plaintiff and the Continental Gin Company (appellee) as defendant.

This suit was instituted August 9, 1926. It was originally filed in the Fourteenth district court of Dallas county, transferred to the Ninety-Fifth district court, to the Forty-Fourth district court, and finally to the Sixty-Eighth district court. Witnesses were summoned on numerous occasions and many orders of continuances and postponements entered. The first amended petition was filed August 9, 1926, the second June 6, 1930, and the third June 11, 1931. On June 20, 1932, while the case was pending in the Forty-Fourth district court, the trial judge sustained defendant's forty-three exceptions to the third amendment; the gravamen of such exceptions being to the effect that plaintiff's third amended petition was unintelligible, confusing, calculated to mislead and confuse the court and jury.

At the succeeding term, to wit, on October 2, 1932, the case was again called for trial, in the Sixty-Eighth district court. The fourth amendment had not then been filed, and, so far as this record shows, was not tendered for filing. Plaintiff did not elect to stand for trial on the third amendment, but, in pursuance of the leave granted at the former

term of court, sought further time in which to prepare his fourth amendment. The court declined such extension and dismissed the suit, assigning as grounds therefor that the request came too late and that the amendment was not filed at the preceding term of court.

■ On the related record, we fail to see how a litigant can expect more of a court than that accorded to plaintiff. By continuances and postponements, his suit remained on the trial docket for eight years; numerous orders were made allowing amendments to effectually bring his suit to trial. In sustaining the exceptions to the amended petition, in our opinion, the court so decimated the pleadings as to leave no stated cause of action, and in that status plaintiff was not in a position to urge a trial, thus requested of the court leave to further amend. Plaintiff did not replead, but instead suffered the case to remain on the docket for almost four months and to be again called for trial, without tendering an amendment. Under these circumstances, it was clearly within the sound discretion of the trial court to have either dismissed the suit, as it did, or to have allowed plaintiff further time to replead.

■ It is a general rule that a litigant has a right to amend his pleading, so long as the case remains untried on the docket of a court, and no final judgment has been entered (McCoy v. Texas Power & Light Co. [Tex. Com. App.] 239 S. W. 1105), but we are of the opinion that the rule is not so extended as to abridge the right of a court in maintaining its judicial functions. The great and inexcusa-

ble delay in the enforcement of our law is one of the grave evils of our time; continuances are frequently granted for unnecessary causes; delays incident to the preparation of cases and the extension of courtesies have, in many cases, become a distinct reproach upon the administration of justice. The prompt disposition of litigations, consistent always with the idea of safeguarding the rights of the parties, is to be commended and encouraged.

■ It may be observed that there is no precise or universal guide for determining the need for the exercise of discretion by a court. The question must be determined, in each case, according to reason and judicial experience. In our opinion, plaintiff was indulged to an extent beyond the legitimate bounds of judicial discretion, and, under the circumstances, the trial court could hardly have exercised any other alternative but to dismiss the suit. In so doing, the court announced an incorrect rule of law, as stated, in that amendments to pleadings, when not filed at the term in which the exceptions are sustained, give rise only to a judgment of dismissal, and that litigants are not allowed to amend at a succeeding term. This thought has no application when a suit remains on the docket untried, and no time limit is given within which to file an amendment. However, be that as it may, we arrive at the conclusion that the proper disposition of the suit was made, thus, the ground on which the trial court acted becomes immaterial. Therefore the judgment of the lower court is affirmed.

Affirmed.